```
              IN THE UNITED STATES DISTRICT COURT
                          FOR THE
                 MIDDLE DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| MOHAMMAD JASHIM REZA, | : | |
| Petitioner | : | |
| v. | : | CIVIL NO. 3:CV-16-2564 |
| CRAIG A. LOWE, ET AL., | : | (Judge Conaboy) |
| Respondents | : | |

## MEMORANDUM
### Background

Mohammad Jashim Reza, a detainee of the Bureau of Immigration and Customs Enforcement (ICE) presently confined at the Pike County Prison, Lords Valley, Pennsylvania, filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Named as Respondents are various federal officials and Warden Craig A. Lowe of the Pike County Prison. Service of the petition was previously ordered.

Petitioner states that he is a native and citizen of Bangladesh who first entered the United States on or about December, 1990. He subsequently adjusted his status to that of a lawful permanent resident. Reza is married to a United States citizen and their son is a United States citizen. While in this country, Reza was convicted of conspiracy to commit bank fraud on November 18, 2014 in the United States District Court for the

1

Southern District of New York. He was sentenced to a six month term of imprisonment. Removal proceedings were initiated against him on the basis of that conviction and he was taken into ICE custody on May 18, 2015. An immigration judge ordered his removal on November 17, 2016. An appeal of that decision was pending with the Board of Immigration Appeals at the time this matter was initiated. Petitioner indicates that he has been detained by ICE for a period of over 19 months.

The pending § 2241 petition challenges Petitioner's continued indefinite detention. As relief, Reza seeks a bond hearing or his release from custody. See Doc. 1, pp. 2-3. Respondent concedes that the Court should order that a bond hearing be held before an immigration judge. See Doc. 3, p. 3.

For the reasons set forth below, the Court will grant the petition and order that an immigration judge conduct an individualized bond hearing within thirty (30) days.

**Discussion**

Petitioner contends that he has been detained for an unreasonable amount of time while his removal proceedings are ongoing in violation of the Due Process Clause of the Fifth Amendment and Demore v. Kim, 538 U.S. 510, 531 (2003).

Section 1226(c) clearly requires that, prior to a final removal order, an alien may be detained without being afforded a

2

bond hearing. However, this "mandatory detention" provision is not without limits. In <u>Demore</u>, the United States Supreme Court concluded that "[d]etention during removal proceedings is a constitutionally permissible part of [the deportation] process." <u>Id</u>. at 531. The United States Court of Appeals for the Third Circuit has interpreted <u>Demore</u> and "conclude[d] that [§1226(c)] implicitly authorizes detention for a reasonable amount of time, after which the authorities must make an individualized inquiry into whether detention is still necessary to fulfill the statute's purposes of ensuring that an alien attends removal proceedings and that his release will not pose a danger to the community." <u>Diop v. ICE/Homeland Sec</u>., 656 F.3d 221, 231 (3d Cir. 2011). Where detention has become unreasonable, "the Due Process Clause demands a hearing, at which the Government bears the burden of proving that continued detention is necessary to fulfill the purposes of the detention statute." <u>Id</u>. at 233.

A determination as to whether an individual's detention is no longer reasonable in length is "a fact-dependent inquiry that will vary depending on individual circumstances." <u>Id</u>.; <u>see also</u> <u>Leslie v. Attorney Gen. of U.S.</u>, 678 F.3d 265, 269 (3d Cir. 2012). Such an inquiry must account for delay caused by errors necessitating appeal, as well as any continuances or delays favorable to the detainee. <u>Diop</u>, 656 F.3d at 233-34. While

declining to establish a bright-line rule for the length of time that would constitute an unreasonable detention, the Third Circuit Court of Appeals noted that "detention under §1226 lasts roughly a month and a half in the majority of cases in which it is invoked, and about five months in the minority of cases in which an alien chooses to appeal," id., and as a result, "the constitutional case for continued detention without inquiry into its necessity becomes more and more suspect as detention continues past those thresholds." Id. at 234.

The Third Circuit in <u>Chavez-Alvarez v. Warden York Cty. Prison</u>, 783 F.3d 469, 477 (3d Cir. 2015) characterized the fact-dependent inquiry described in <u>Diop</u> as a balancing test. It noted that the reasonableness of government conduct and merit of the petitioner's challenges are not dispositive standing alone, and are only relevant when "weigh[ing] the various aspects of [the] case to determine whether, and when, a tipping point has been reached on the reasonableness of [the] detention." <u>Id</u>.

Courts should not find that delay caused by a detainee's challenges precludes a finding of unreasonable detention because such a finding essentially constitutes punishment for pursuing applicable legal remedies. <u>Id</u>. at 475 (citing <u>Leslie</u>, 678 F.3d at 265). However, under narrow circumstances, when a petitioner acts in bad faith to delay or stall the proceeding, this tactic

4

may preclude a finding of unreasonable detention.[1]  Chavez-Alvarez, 783 F.3d at 476.

In Chavez-Alvarez, the Third Circuit Court of Appeals found that "beginning sometime after the six-month time frame considered by Demore, and certainly by the time Chavez-Alvarez had been detained for one year, the burdens to Chavez-Alvarez's liberties outweighed any justification for using presumptions to detain him without bond to further the goals of the statute." Id. at 478.

Respondent acknowledges that based upon Chavez-Alvarez, Reza is entitled to an individualized bond hearing since he has been detained for approximately twenty (20) months.  This Court agrees and also recognizes that deference is owed to the decision-making agency to oversee matters within its jurisdiction. See, e.g., Gourzong v. Lowe, No. 3:15-CV-1969, 2016 WL 109851, at *2 (M.D. Pa. Jan. 11, 2016)(Mariani, J.). Based upon the Respondent's concurrence and since the immigration court has the expertise, familiarity, and authority to exercise jurisdiction over bond hearings such as those contemplated under Chavez-Alvarez, the Court orders that an

---

[1] Bad faith exists when a petitioner challenges aspects of the government's case that do not present bona fide or real issues, or are simply frivolous or meritless arguments.  Id.

5

immigration judge conduct an individualized bond hearing for the Petitioner within thirty (30) days of the date of this Memorandum.

**Conclusion**

Pursuant to the above discussion, Petitioner is entitled to a bond hearing before an immigration judge. Therefore, the Court will grant the unopposed petition for writ of habeas corpus, and order that Petitioner be provided an individualized bond hearing within thirty (30) days of this decision. An appropriate Order shall follow.

　　　　　　　　　　　　　　　　　／s／ Richard P. Conaboy
　　　　　　　　　　　　　　　　　RICHARD P. CONABOY
　　　　　　　　　　　　　　　　　United States District Judge

DATED: FEBRUARY 13th, 2017

FILED
SCRANTON

FEB 1 3 2017

Per_____
　　DEPUTY CLERK